Wen v. Holder
BIA
Poczter, IJ
A205 032 463

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand fourteen.

PRESENT:
>        JOSÉ A. CABRANES,
>        BARRINGTON D. PARKER,
>        DEBRA ANN LIVINGSTON,
>             *Circuit Judges*.

_____

JIUCHENG WEN,
>        *Petitioner*,

>        v.                                          13-2892

>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Zhong Yue Zhang, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Michele Y.F. Sarko, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiucheng Wen, a native and citizen of China, seeks review of a July 8, 2013 decision of the BIA affirming an October 1, 2012 decision of an Immigration Judge ("IJ") denying Wen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiucheng Wen*, No. A205 032 463 (B.I.A. July 8, 2013), *aff'g* No. A205 032 463 (Immig. Ct. N.Y. City Oct. 1, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Wen did not claim to have suffered past persecution, so he needed to show a well-founded fear of future persecution.

8 C.F.R. § 1208.13(b)(2). "Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).

The agency reasonably concluded that Wen failed to make that showing. Wen testified that his father reported that the Chinese police have visited his home seven times to threaten Wen with persecution if he returns. His father's letter attested to one such visit. When pressed on this inconsistency, Wen testified that the six other visits occurred after his father wrote the letter, and that his attorney never asked for an updated one. The agency was not compelled to credit this explanation. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Given the inconsistency, and the fact that Wen's father was an interested witness who was unavailable for cross examination, the agency was also within its discretion to discount the letter. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (weight afforded evidence lies largely within the discretion of the

3

agency); *Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 215 (BIA 2010) (agency can give little weight to document drafted by interested witness not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Wen's testimony that his ex-wife received a similar visit did not sufficiently bolster his claim: he failed to provide any corroborating evidence of the visit. "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (per curiam) (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)). The agency was not compelled to accept Wen's explanation that he did not submit an affidavit from his ex-wife because their relationship is strained.

Wen also posited that the Chinese government could identify him by cross-matching surveillance footage of him demonstrating outside the Chinese consulate, his Internet articles on the China Democracy Party ("CDP") website, his Chinese household registration identification, and the exit record on his passport. The agency was not compelled to make

4

these inferential leaps.  Indeed, "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam).  Record evidence shows that the Chinese government monitors electronic communications within its own borders, but that does not mean it surveils all protests in the United States or that it "is aware of every anti-Communist or pro-democracy piece of commentary published online." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Nor did the agency err in finding that Wen failed to establish that the Chinese government has a pattern or practice of persecuting people similarly situated to him.  *See* 8 C.F.R. § 1208.13(b)(2)(iii)(A).  At his merits hearing, Wen highlighted three CDP members who were persecuted when they returned to China.  But as the IJ noted, one was a founding member of the CDP and the other two were members of CDP in China.  Wen, on the other hand, joined the CDP in the United States.  On appeal, Wen has highlighted the plight of an artist who was beaten and placed on house arrest in China.  But the country report he cites identifies the person as an "artist and activist," not a CDP member, and says nothing about him engaging in pro-democracy protests in the United States.

5

Having reasonably found that Wen failed to establish the objective likelihood of persecution needed for asylum, the agency did not err in denying withholding of removal and relief under the CAT, because these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk